510 A.2d 1288

Rodney K. Rote *v.* Glenwood Trucking, Inc. and West Donegal Township, and National Railroad Passenger Corporation. National Railroad Passenger Corporation, Appellant.

Argued May 15, 1986, before Judges MACPHAIL and COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Craig J. Staudenmaier,* with him, *David C. Eaton,* for appellant.

*Stephen W. Cody,* with him, *J. Richard Gray* and *Frederick W. Andrews, Windolph, Burkholder, Stainton and Gray,* for appellee.

OPINION BY SENIOR JUDGE ROGERS, June 19, 1986:

Rodney K. Rote sued Glenwood Trucking, Inc. (Glenwood) and West Donegal Township (township) in trespass for damages on account of injuries suffered by him in a motorcycle accident which occurred on a township road just south of a bridge which crosses over the railroad tracks of the National Railroad Passenger Corporation (Amtrak). Shortly after crossing the bridge, Mr. Rote struck the rear of a tractor-trailer owned by Glenwood. By amended complaint, Mr. Rote alleged that the township owned and controlled the property on which "brush and overgrowth along the west side of Newville Road both north and south of the railway overpass was allowed to grow to the extent that the plaintiff proceeding south on Newville Road . . . was unable to observe the traffic pattern on south Newville Road, the lane of traffic that the plaintiff was using, until the plaintiff had cleared the railway overpass."

The township filed a third party complaint joining Amtrak as an additional defendant, alleging that Amtrak was the owner of the land containing the brush and overgrowth referred to in Rote's complaint.

In its answers to the township's interrogatories, Amtrak stated as follows:

[I]t is impossible to determine from the pleadings, depositions, etc., the exact location of the vegetation of which Plaintiff complains. While Amtrak may be deemed the owner of the

fee simple interest in area shown in Exhibit 'A' [Amtrak's Map. No. 692 of the Northeast Corridor Property Identification Map], Amtrak's interest was and is subject to the public easement represented by Newville Road, and the area subject to the public easement was beyond the possession and control of Amtrak.

The township filed a motion for summary judgment, alleging that the "brush and overgrowth along the west side of Newville Road . . . was located on property owned and controlled by the additional defendant National Railroad Passenger Corporation."

Mr. Rote filed an answer to the township's motion for summary judgment, asserting that "[a]t the time of the accident the brush and overgrowth along the west side of Newville Road both north and south of the railway overpass was that extensive that it would be impossible to establish whether the overgrowth and brush was on property owned by West Donegal Township."

The court of common pleas granted the township's motion for summary judgment finding that there was no genuine issue of fact concerning the ownership of the land upon which the offending shrubbery was located because the plaintiff, Mr. Rote, admitted his inability to prove who was the owner and because Amtrak had admitted its ownership in its answer to the township's interrogatories. We believe that the court has misapprehended Amtrak's answer. As can be seen, Amtrak in fact answered that it was impossible to fix the exact location of the vegetation on the present state of the record and that while Amtrak owned land in the vicinity, its interest was subject to the easement of the public road upon which the plaintiff was travelling, over which Amtrak had no control. Exhibit A, referred to by Amtrak, shows the boundaries of the area owned by Amtrak with the public road meandering through

Amtrak's property and across the bridge over the railway tracks. Hence, far from admitting that the vegetation was on its property, Amtrak has averred in effect that the vegetation was as likely within the easement of the public road and therefore the responsibility of the township to remove, as the record shows the township had done both before and after Mr. Rote's accident.

We therefore believe that there remains a genuine issue or issues of material fact as to the location of the offending vegetation and that the township was not entitled to summary judgment. Pa. R.C.P. No. 1035(b).

Judgment reversed. The record is remanded for further proceedings. Jurisdiction is relinquished.

ORDER

AND NOW, this 19th day of June, 1986, the judgment of the Court of Common Pleas of Lancaster County appealed from in the above-captioned matter is reversed. The record is remanded for further proceedings. Jurisdiction is relinquished.

Judge MACPHAIL dissents.